

# IN THE
# TENTH COURT OF APPEALS

### No. 10-11-00062-CV

**TUTLE & TUTLE TRUCKING, INC.,**

**Appellant**

 **v.**

**EOG RESOURCES, INC.,**

**Appellee**

### From the 18th District Court
### Johnson County, Texas
### Trial Court No. C2010-0679

## DISSENTING OPINION

After studying this several different times, I have concluded that, based on what is briefed, I would have to reverse due to lack of evidence to conclusively establish the second predicate fact, that the indemnity agreement is common to the industry (which may include which industry, oil and gas, or sand and gravel). The only basis the Court relies upon to support this factual determination is that the provision appears in one other reported case, a federal case from North Dakota (see Maj. Op. footnote 4). But that case involved the same party, EOG. Contrary to the Court's conclusion, I think the fact that this type provision shows up nationally in only one other case and that case

involved the same company is a clear indication the provision is <u>not</u> widely used in the industry.

I also think EOG, and the Court, has misapplied the concept of a judicial admission to the other predicate fact needed for the concept to apply. A statement in a pleading is an admission, but it can be controverted. It is a binding judicial admission only if it is a factual allegation in a live pleading and there is no unobjected-to evidence contrary to the allegation in the summary judgment record.

In any event, it appears that conflicting evidence may have been offered on the issue of whether the employee was injured in the process of transporting bulk dry material.

For either of these reasons, the result would at least be a reverse and remand for fact development.

But I have some issue with paragraph 6E, the pass through provision, as well. I think the issue here is very wide open, especially in Texas. If 6E has to meet the Express Negligence or the fair notice doctrine – it fails; particularly since the pass through provision EOG is relying upon is buried at the end of a provision that does nothing to highlight it and addresses another topic as well.

Further it seems to be a very unusual provision in that it essentially provides "you agree to indemnify me for anything I have agreed with another contractor for which to indemnify them." You probably cannot bury another company's agreement to indemnify for an act of negligence much deeper than that.

But I am not at all sure that the doctrine applies, because it is an indemnity of contractual indemnity, which may include a negligence claim but at the pass through level is only a contract claim.

This case also seems to potentially have some huge policy implications in it that I do not understand. Specifically, how workers compensation coverage and limits on recovery will be implicated, if at all. Does this now pit a workers compensation carrier against a general liability carrier?

For the foregoing reasons, I respectfully dissent to the judgment of the Court to the extent it does not reverse the trial court's judgment and remand the proceeding to the trial court for further development.[1]

TOM GRAY
Chief Justice

Dissenting opinion delivered and filed November 15, 2012

---

[1] Recognizing that I have not garnered a second vote for my position, I have provided this quite informal dissent rather than delay the ultimate disposition of this proceeding. *See In the Interest of S.A.P.*, 135 S.W.3d 165, 177 (Tex. App.—Waco 2004) (Gray, C.J., dissenting), *rev'd and remanded*, 156 S.W.3d 574 (Tex. 2005).